FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JUL 21 AM 9:42

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| THAD TEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV97-H-128-S |
| | ) | |
| PEMCO AEROPLEX, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED

JUL 2 1 1997

**MEMORANDUM OF DECISION**

Presently before the Court is the June 4, 1997 motion for summary judgment filed by defendants. Pursuant to an Order entered June 5, 1997, the motion was deemed submitted, without oral argument, on July 3, 1997.

I. Procedural History

Plaintiff commenced this action by filing a complaint in the Circuit Court for Jefferson County on November 13, 1996. The complaint alleged that plaintiff had been employed by Pemco Aeroplex ("Pemco") under a collective bargaining agreement and had suffered some physical and mental problems that prevented him from working for a period of time, during which time he received accident and sickness benefits from PEMCO. The complaint alleged that, when plaintiff attempted to return to work and in

12

connection with the administration of plaintiff's benefits, Pemco breached the terms of the collective bargaining agreement and committed various torts.

Defendants removed this action to this Court by a notice of removal dated January 16, 1997. The Notice of Removal asserted federal question jurisdiction based upon preemption of plaintiff's state-law claims by both the Labor-Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1132. No motion to remand was filed.

Pemco filed the present motion on June 4, 1997, asserting that all of plaintiff's state-law claims are preempted by either the LMRA or ERISA. Further, the motion argues that any LMRA and/or ERISA claims embodied in the complaint should be dismissed, because plaintiff failed to exhaust his remedies under the collective bargaining agreement and his administrative ERISA remedies. Defendants attached a copy of requests for admission they served on plaintiff to their motion, and also filed a brief.

In response to the motion, plaintiff filed a response and an evidentiary submission. In his response to the motion for summary judgment and in his responses to defendants' requests for admission, plaintiff admits that his state-law claims are

2

preempted by the LMRA and/or ERISA and that he failed to exhaust his remedies under ERISA and the collective bargaining agreement. Plaintiff's response asks the Court to dismiss this action without prejudice.

## II. Undisputed Facts and Discussion

Plaintiff was employed by Pemco, and his employment was governed by a collective bargaining agreement between Pemco and plaintiff's union. In 1992 or 1993, plaintiff was experiencing heart problems, and underwent bypass surgery. His physical problems caused him to suffer a nervous breakdown in August 1993, and he took a medical leave of absence from Pemco at that time. During his absence, plaintiff received accident and sickness benefits from Pemco.

In November 1994, plaintiff contacted Pemco and attempted to return to work, but was told that he could not return to work unless he released the treatment records from his psychiatrist for Pemco's review. Plaintiff refused to do so, and he alleges that Pemco falsified a release form and unsuccessfully attempted to gain access to these records.

Plaintiff has not exhausted his administrative remedies

under ERISA, nor has he exhausted the grievance procedure outlined in the collective bargaining agreement.

Because the parties agree that plaintiff's state-law claims are preempted by the LMRA and/or ERISA and that any claims in the complaint under ERISA and/or the LMRA are due to be dismissed for plaintiff's failure to exhaust his remedies, the Court need not engage in a lengthy preemption or exhaustion analysis. The only issue before the Court is whether plaintiff's claims should be dismissed with or without prejudice.

With respect to plaintiff's state-law claims, it appears clear to the Court that the dismissal should be with prejudice. Plaintiff has admitted, and properly so, that these claims are not cognizable under state law because of the complete preemption of the LMRA and/or ERISA. The preemption of plaintiff's state law claims essentially renders them a legal nullity, and there is no need for the Court to preserve these claims for future proceedings. See Variety Children's Hosp. v. Century Med. Health Plan, Inc., 57 F.3d 1040, 1041-42 (11th Cir. 1995) (affirming dismissal of state law claims, with prejudice, because of ERISA preemption).

However, with respect to claims asserted or which might be asserted under ERISA and/or the LMRA, the Court believes that the

4

dismissal should be without prejudice. Any such claims are being dismissed because of his failure to exhaust prerequisites to suit, not because of an adjudication on the merits. The Eleventh Circuit, in <u>Variety Children's Hospital</u>, affirmed a district court's order dismissing preempted state-law claims with prejudice, but dismissing an ERISA claim without prejudice because of the plaintiff's failure to exhaust administrative remedies. <u>Id.</u> at 1041-42. The Court believes that the same result is proper in this case with regard to claims under ERISA as well as under the LMRA.

So, the court will enter an order granting defendants' motion for summary judgment and dismissing plaintiff's state-law claims with prejudice, while dismissing any LMRA and ERISA claims plaintiff may have without prejudice.

DONE this 21st day of July, 1997.

_____
SENIOR UNITED STATES DISTRICT JUDGE